

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-15-00086-CR,
06-15-00087-CR, 06-15-00088-CR,
& 06-15-00089-CR,

SAMUEL MOSES WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court Nos. 1424392, 1424393, 1424394, & 1424395

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

On September 9, 2015, this Court issued an order directing Texas Department of Criminal Justice prison officials at the Joe F. Gurney Unit to provide one of the unit's inmates, Samuel Moses Williams, with the means of listening to five MP4 files that are part of his appellate record in this matter. Our order, which issued after our clerk spoke with prison officials about this matter, was sent under a cover letter signed by a deputy clerk from our clerk's office, was mailed in an envelope bearing this Court's address, and was issued "BY THE COURT."[1] In spite of having received this Court's order, prison officials informed this Court September 16, 2015, that our order was "not acceptable" because it did not contain a signature of one of the Justices of this Court. Let it be known that any order issued "BY THE COURT" constitutes a valid, enforceable order. Such an order has the same effect as one signed by all three Justices of the Court. Thus, our September 9, 2015, order, in effect, contained the signatures of all three Justices of this Court.

While we understand that the prison officials with whom we have been working are simply following the policies and procedures of the Joe F. Gurney Unit, we want to make it abundantly clear to all involved that the order we issued on September 9, 2015, is valid and enforceable and that the willful failure of officials of the Texas Department of Criminal Justice's Joe F. Gurney Unit to obey the dictates of that order subjects them to punishment for contempt of court. We respectfully suggest that those responsible for the policies and procedures at issue consider revising them for the future.

---

[1] This is also sometimes called by the Latin term "per curiam." *See* BLACK'S LAW DICTIONARY 1201 (9th ed. 2009); *see also* TEX. R. APP. P. 47.2(a).

2

That said, we are confident that the response we received concerning our September 9, 2015, order was not a challenge to this Court's authority, but, instead, an unfortunate misunderstanding. Consequently, we reissue our September 9, 2015, order in its entirety, with the following modification: Steven Sperry, the warden of the Joe F. Gurney Unit of the Texas Department of Criminal Justice and all other officials of that prison unit shall comply with the dictates of the September 9, 2015, order within ten days of the date of the current order, or by the close of business on Monday, September 28, 2015.

In the event prison officials fail to timely comply with this order, we will immediately issue an order requiring Warden Steven Sperry to personally appear in this Court to show cause why he should not be held in contempt of court and punished accordingly.

IT IS SO ORDERED.

BY THE COURT

Date: September 18, 2015